Linda KANE as Executor of the Estate
of David G. Puckett, Appellant

v.

CAMERON INTERNATIONAL CORP.
f/k/a Cooper Cameron, Cooper Indus-
tries, Cameron Iron Works, Cooper
Oil Tool, Cameron, Cooper Cameron
Valves, Appellee.

No. 14–09–00774–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 4, 2011.

Robert Joseph Killeen Jr., Christopher
Michael Rucker, Houston, TX, for Appel-
lant.

Matthew Sean Parish, Houston, TX, for Appellee.

Panel consists of Justices SEYMORE, BOYCE, and CHRISTOPHER.

## OPINION

TRACY CHRISTOPHER, Justice.

Appellant, the executor of an estate, sued the defendant for allegedly contaminating the decedent's land and groundwater with toxic chemicals. Among other causes of action, appellant asserted a claim for private nuisance and for allegedly causing the decedent, who had recurring cancer, to fear that his exposure to the chemicals would worsen his illness or cause him to develop a different form of cancer. The trial court granted summary judgment in defendant's favor on all of the claims, and appellant asks us to reverse the rulings on the private-nuisance and fear-of-dreaded-disease claims. Because there is no evidence that the chemicals ever entered the decedent's property or that the defendant otherwise exposed him to carcinogenic substances, and because the fear-of-a-dreaded-disease claim is, in effect, a claim for negligent infliction of emotional distress that has been rejected under Texas law, we affirm.

## I. BACKGROUND

David Puckett was diagnosed with melanoma in 2000; it was found to be malignant not later than 2001, when it spread from the back of his neck to the tissue near his lymph nodes. He was treated with radiation through March 2002, but another lesion was found on his neck in 2003. The melanoma metastasized to one of his lungs in 2004, to his ribs and scalp in 2005, and finally to his brain in 2006. Puckett died in May 2007.

The following month, Linda Kane, the executor of Puckett's estate, brought this suit against Cameron International Corporation f/k/a Cooper Cameron, Cooper Industries, Cameron Iron Works, Cooper Oil Tool, Cameron, and Cooper Cameron Valves ("Cameron"). According to Kane, Puckett learned in 2001 that chemicals used at a nearby facility operated by Cameron had been released into the soil and groundwater some years earlier. Based on this chemical release, Kane asserted claims on behalf of Puckett's estate for negligence, gross negligence, fraud by nondisclosure, trespass, and private nuisance. She further contended that the estate was entitled to recover mental-anguish damages for Puckett's "fear of dreaded disease." Although Kane does not contend that Cameron's conduct caused Puckett to initially develop cancer, she alleged that Puckett had "a reasonable fear that he had either contracted a new cancer as a result of his exposure to the toxic substances released into the ground and aquifer ... or, his melanoma had been reactivated/exacerbated by the same." Significantly, however, there is no evidence that the chemicals released from Cameron's facility ever entered Puckett's property, and Kane did not allege that Puckett was exposed to the chemicals elsewhere. Moreover, Kane produced no evidence that the chemicals were carcinogenic or were otherwise capable of "reactivating" or "exacerbating" Puckett's melanoma.

The trial court granted Cameron's traditional motion for summary judgment as to the fear-of-dreaded-disease claim and granted no-evidence summary judgment as to the estate's remaining claims. In two issues, Kane appeals the judgment only as it pertains to the claims for private nuisance and "fear of dreaded disease."

## II. STANDARD OF REVIEW

We review summary judgments de novo. *Ferguson v. Bldg. Materials Corp.*

*of Am.*, 295 S.W.3d 642, 644 (Tex.2009) (per curiam) (citing *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex.2007)). We consider the summary-judgment record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the movant. *See City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex.2005). We must affirm the summary judgment if any of the movant's theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A defendant who moves for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller*, 168 S.W.3d at 816. Once the defendant establishes its right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.1995).

In a no-evidence motion for summary judgment, the movant represents that there is no evidence of one or more essential elements of the claims for which the nonmovant bears the burden of proof at trial. TEX.R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex.2009). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to the elements specified in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex.2006). We sustain a no-evidence summary judgment when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *City of Keller*, 168 S.W.3d at 810. The evidence is insufficient if "it is 'so weak as to do no more than create a mere surmise or suspicion'" that the challenged fact exists. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 115 (Tex.2009) (quoting *Kroger Tex. L.P. v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006)).

## III. ANALYSIS

### A. Private Nuisance

■■■ Cameron moved for summary judgment on the private-nuisance claim on the grounds that there was no evidence of an actual invasion of Puckett's property or that Puckett "was aware of such an invasion so as to actually interfere with his use or enjoyment" of the property.[1] A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land. RESTATEMENT (SECOND) OF TORTS § 821D (1979). It may arise by

---

1. Cameron also moved for traditional summary judgment on the ground that the economic-loss rule prevents recovery of damages for diminution of the value of real property in a negligence cause of action. In light of our disposition of the no-evidence grounds, we do not analyze this assertion.

causing (1) physical harm to property, such as by the encroachment of a damaging substance; (2) physical harm to a person on his property from an assault on his senses or by other personal injury; or (3) emotional harm to a person from the deprivation of the enjoyment of his property through fear, apprehension, or loss of peace of mind. *Aguilar v. Trujillo*, 162 S.W.3d 839, 850 (Tex.App.-El Paso 2005, pet. denied).

■ On appeal, Kane points out that a physical invasion of property is not a necessary element of a private-nuisance cause of action. As a statement of law, this is correct. For example, a private-nuisance claim may arise when property is used in a way that offends the neighbors' senses; thus, foul odors, noise, and bright lights—if sufficiently extreme—may constitute a private nuisance. *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 269 (Tex.2004). One may also create a private nuisance by using property in a way that causes reasonable fear in those who own, lease, or occupy property nearby. *See, e.g., Comminge v. Stevenson*, 76 Tex. 642, 644, 13 S.W. 556, 557 (1890) (powder magazine within four hundred feet of plaintiff's residence and that caused plaintiff apprehension and alarm was a private nuisance); *McMahan v. City of Abilene*, 261 S.W. 455, 455–56 (Tex.Civ.App.-El Paso 1924, writ dism'd w.o.j.) (leaking earthen dam located upstream from plaintiff's property and that caused plaintiff's family "continual fear . . . for their lives and property" was a private nuisance).

Here, however, Kane's claims were based only on the alleged physical invasion of dangerous chemicals onto Puckett's property or into the groundwater accessible by a well on his property,[2] and Puck-

ett's exposure to the chemicals on his own land. According to Kane,

> Puckett inhaled, consumed, and was exposed to various toxins and carcinogens in his well water and the soil at his property [Cameron] knowingly and surreptitiously placed toxic and hazardous substances in the ground and drinking aquifer which it knew or should have known would enter the water supply in/on the property occupied/owned by Puckett, but nonetheless concealed all relevant information at least up until and past the point that it cause[d] irreparable psychol[o]gical injury to Puckett and irreparable and non-remediable damage to his property.
>
> . . .
>
> [Puckett] consumed well water on his premises and his property was contaminated by carcinogens released by defendants as was the aquifer for his well for a number of years; . . . He reasonably believed that the chemicals released onto his property by defendants were carcinogenic; . . . The release of carcinogenic chemicals onto his property and its aquifer constituted a trespass; . . . He believed that his successful battle with melanoma . . . had been rendered meaningless by his exposure to the carcinogenic chemicals introduced to his property and aquifer by defendants and that his brain tumors were a proximate result of that trespass.
>
> . . .
>
> Puckett also suffered additional mental anguish damages as a result of the trespass to his property described above. . . .
>
> . . .
>
> [T]he injuries arising from Defendants' contamination of Plaintiff's property are objectively verifiable. . . .

---

**2.** The well was capped on an unspecified date.

. . .

[Cameron's] trespass of its hazardous chemicals into Bayou Woods and the property of Puckett substantially interfered with the use and enjoyment[ ] of Plaintiff's land by causing unreasonable discomfort and annoyance to him, who was a person of ordinary sensibilities attempting to use and enjoy it.

Because her claims were premised on a physical invasion of Puckett's property, Kane responded to the summary-judgment motion by attempting to raise a fact issue on the question of whether such an invasion had occurred. She argued that because groundwater moves, it is "highly likely" that contaminated groundwater "has, at some point since 1976 when Puckett began residing on the property, been situated underneath" Puckett's property. Although Kane offered evidence of the general proposition that groundwater moves, she offered no evidence concerning the likelihood that chemicals released from Cameron's facility entered the soil or water on Puckett's property at any time. At most, Kane offered evidence that two years after Puckett sold his residence, there was contaminated groundwater under the property of one or more of Puckett's former neighbors. The argument of Kane's counsel that it is "highly likely" that contaminated groundwater entered Puckett's property during his ownership or residency is not evidence but speculation, and as such, it is insufficient to raise a genuine issue of material fact. *See Coastal Transport Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 232 (Tex. 2004).

Kane also produced evidence that Puckett told her "that he believed his cancer was caused by exposure to chemicals *underneath his property*." (emphasis added).

This, too, is mere speculation and not evidence that chemicals actually invaded Puckett's property.[3]

Lastly, Kane presented Puckett's deposition testimony that his property was "on the market" for approximately three years before it was sold, and to the best of his recollection, the property sold for $700,000, a figure that Puckett described as the "absolute bottom number." According to Kane, this is "more than a scintilla of evidence of the loss of use and enjoyment of his property [Puckett] suffered as a result of the nuisance [Cameron] created *after contaminating groundwater under 8729 Memorial Drive*." (emphasis added). This argument appears to be Kane's response to Cameron's assertion that the economic-loss rule bars recovery of property damages under a negligence theory, a subsidiary issue that we do not reach. Moreover, evidence of the time that elapsed between the date Puckett's property was listed for sale and the date on which it was sold is no evidence that the groundwater under Puckett's property was contaminated as Kane contends. *See also Schneider*, 147 S.W.3d at 277 ("[A] decrease in market value does not mean there is a nuisance, any more than an increase means there is not.") (footnotes omitted).

Based on our review of the summary-judgment evidence, we conclude that the trial court did not err in granting summary judgment in Cameron's favor as to Kane's private-nuisance claim. We therefore overrule Kane's first issue.

**B. Fear of Dreaded Disease**

■ With respect to Kane's claim for "fear of dreaded disease," Cameron moved for traditional summary judgment on the

---

**3.** And, as previously mentioned, there is no evidence that the chemicals were carcinogen-

ic or that they exacerbated his preexisting cancer.

grounds that (1) Texas law does not recognize a cause of action for the fear of contracting a disease absent a showing that the defendant's actions caused the claimant to be exposed to a substance that is actually capable of causing the feared disease, and (2) if such a cause of action exists, it is barred by limitations. Cameron's first argument is dispositive: there is no such cause of action.

As Kane articulates her theory of liability, no causal connection is required between the defendant's conduct and the harm that is feared. She begins by quoting *Temple–Inland Forest Products Corp. v. Carter*, 993 S.W.2d 88, 91 (Tex.1999), for the proposition that "a plaintiff who has developed an asbestosis-related disease may recover mental anguish damages for a reasonable fear of developing other asbestos-related diseases." Based on this language, she argues that a person who already has a dreaded disease can recover mental-anguish damages for the reasonable fear of contracting a similar or exacerbated form of the disease—even in the absence of any evidence that the defendant caused the originally-diagnosed illness or exposed the person to a substance capable of causing or exacerbating the person's illness. As applied to the evidence in this case, it is Kane's position that Cameron can be required to compensate the estate for Puckett's fear of contracting more cancer or worse cancer, not because Cameron caused Puckett's cancer or did anything to increase his risk of cancer, but because Puckett *already had cancer*.

No authority supports the existence of such a cause of action. In *Temple–Inland*, it was undisputed that the plaintiffs were exposed to asbestos on the defendant's property, and the court held that the plaintiffs could not recover mental-anguish damages for fear of developing an asbestos-related disease in the future absent proof that they already had sustained some physical injury from the exposure. *See id.* Here, there is not only an absence of evidence of physical injury from the exposure, there is no evidence of exposure.

In effect, Kane's fear-of-dreaded-disease theory is nothing more than a claim for negligent infliction of emotional distress. This cause of action, however, has been rejected under Texas law. *See Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex.1993). Relabeling the claim as "fear of dreaded disease" does not make it cognizable under Texas law. Therefore, we overrule Kane's second issue.

## IV. CONCLUSION

Because Kane based her private-nuisance claim on a physical invasion of property for which there is no evidence, and because the liability theory she describes as "fear of a dreaded disease" is not recognized under Texas law, we affirm the trial court's judgment.