**Reversed and Remanded and Memorandum Opinion filed April 25, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00809-CV

### INDIRA S. PATEL, Appellant

### V.

### PATRICK O'CONNOR & ASSOCIATES, LP, Appellee

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 952135**

## M E M O R A N D U M   O P I N I O N

Appellee Patrick O'Connor & Associates, LP sued Indira S. Patel for breach of contract and quantum meruit. The trial court granted appellee's traditional motion for summary judgment on both of appellee's claims. We reverse and remand.

# I. BACKGROUND

Patel owned a hotel and was renovating it. Appellee is a business that provides property tax reduction services. On July 19, 2006, Patel's then-husband Sukhumar signed a "property tax services engagement agreement" with appellee. Under his signature, his title is described as "manager." Pursuant to the agreement, appellee would represent Sukhumar in reducing his property taxes, and Sukhumar agreed to pay 30% of any tax savings achieved through administrative proceedings and 50% of tax savings resulting from arbitration or litigation. The written agreement does not include Patel's name, and it does not identify the property for which appellee agreed to render service.

Appellee claims that it performed services in 2006 and 2008, reducing the property tax owed on Patel's property, but Patel did not pay for the services. Appellee sued for breach of contract and quantum meruit and filed a motion for summary judgment on both of its claims.[1] Appellee attached evidence, including among other things: (1) the agreement; (2) excerpts from Patel's deposition; (3) invoices appellee allegedly sent to Sukhumar for its services; (4) correspondence appellee allegedly sent to Sukhumar; (5) an agreed final judgment between Patel and HCAD, signed by Patel's purported attorney; (6) correspondence from HCAD and the Appraisal Review Board allegedly sent to Patel and appellee at appellee's address; and (7) Patel's responses to appellee's requests for admission.

Patel filed a response and attached her affidavit, testifying that she did not sign the agreement alleged to be the contract in this case. The first time she saw the document was after being sued. She explained:

The first time I discovered that Plaintiff had been providing services

---

[1] Appellee also alleged a sworn account, but Patel filed a verified denial, and the trial court denied appellee's first motion for summary judgment on the sworn account.

was in 2007 when I went to protest my taxes and found it had already been done. In 2007, after I discovered that Plaintiff had been protesting my 2006 property taxes, I called them and told Plaintiff's representatives on the phone that I did not want their services and stop immediately. The woman on the phone told me they would stop protesting my taxes. Sukhumar Patel never told me he had signed any kind of agreement with Plaintiff. . . . I was never told in 2006 that Plaintiff expected me to pay for what they were doing.

Patel testified further concerning the lack of an agency relationship between her and Sukhumar:

Sukhumar Patel was never authorized by me to be my agent or to sign me up for any contracts or agreements. In fact, I had an explicit conversation with Sukhumar Patel to not pledge my property or sign me up for anything . . . . I never heard him say he was a manager of my property, and I never authorized him to be a manager of my property. . . . He was not authorized to sign for anything or handle any money or contracts.

The trial court signed an order granting appellee's motion for summary judgment, awarding $23,300.40 in damages and $5,000 in attorney's fees. Patel appealed.

## II. ANALYSIS

Patel contends the trial court erred by granting summary judgment because there are disputed fact issues on both claims. On the breach of contract claim, she argues there is a fact issue concerning whether Sukhumar was her agent. On the quantum meruit claim, she argues there are fact issues concerning whether she accepted the services and had notice that appellee expected compensation.

Appellee contends that the summary judgment evidence conclusively proves that Sukhumar had actual authority to sign the contract on Patel's behalf. Appellee contends further that the evidence conclusively proves that Patel accepted the services under circumstances that reasonably notified her compensation was

3

expected.[2]

## A. Standard of Review

We review de novo the trial court's decision to grant a summary judgment. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009). The movant for a traditional summary judgment must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A plaintiff satisfies this burden by conclusively proving all elements of its claim. *Cullins v. Foster*, 171 S.W.3d 521, 530 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (citing *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986)). Evidence is conclusive only if reasonable people could not differ in their conclusions. *Kane v. Cameron Int'l Corp.*, 331 S.W.3d 145, 147 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

We consider the evidence in the light most favorable to the nonmovant, indulging reasonable inferences and resolving doubts in the nonmovant's favor. *Id.* We credit evidence favorable to the nonmovant if reasonable jurors could and disregard contrary evidence unless reasonable jurors could not. *Mann Frankfort*, 289 S.W.3d at 848.

## B. Breach of Contract

Appellee contends that "the summary judgment evidence conclusively proved [one type] of actual agency—that which arises through the principal's want

---

[2] Appellee also argued in its brief on appeal that Patel could be held personally liable for Sukhumar's debt because the debt was a joint obligation of the community estate. Appellee abandoned this contention at oral argument, and we therefore do not address it. *See, e.g.*, *Kazman v. Frontier Oil Corp.*, No. 14-12-00320-CV, — S.W.3d —, 2013 WL 1244376, at *10 n.5 (Tex. App.—Houston [14th Dist.] Mar. 28, 2013, no pet. h.); *Gaylor v. Fluker*, 843 S.W.2d 234, 236 (Tex. App.—Houston [14th Dist.] 1992, no writ).

of due care in allowing the agent to believe he has authority." We disagree.

"Actual authority is created through written or spoken words or conduct of the principal communicated to the agent." *United Residential Props. v. Theis*, 378 S.W.3d 552, 564 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (quotation omitted). "Implied authority is the authority of an agent to do whatever is necessary and proper to carry out the agent's express powers." *Expro Americas, LLC v. Sanguine Gas Exploration, LLC*, 351 S.W.3d 915, 921 (Tex. App.—Houston [14th Dist.] 2011, pet. filed). "Implied agency therefore exists only as an adjunct to express actual authority; an agent who does not have express authority cannot have implied authority." *Id.*

Appellee notes that Sukhumar was Patel's spouse when he signed the agreement, but the marriage relationship alone does not create agency. *See* TEX. FAM. CODE ANN. § 3.201(c) (West 2006). Appellee contends Sukhumar was "acting as the manager of the property," and cites Patel's deposition testimony. Most of appellee's contentions are not supported by the record—for example, that Sukhumar was a "business partner," that his "role during the process was to oversee the renovations," or that he "would take care of things at the property during [Patel's] absence." This record contains no such testimony. Instead, Patel testified that Sukhumar was advising her brother about the renovation of the property, and he served as a "handyman." Appellee contends further that it "sent Appellant a letter seeking Appellant's authority to retain an attorney on Appellant's behalf to conduct a judicial appeal of the 2006 tax liability on the property." This contention is similarly not supported by the record: the purported letter to Patel was addressed solely to Sukhumar. In fact, this record contains no

5

correspondence between appellee and Patel.[3]

Appellee has failed to conclusively establish words or conduct that Patel communicated to Sukhumar that would allow Sukhumar to believe he had authority to enter into a contract for property tax reduction services. Further, Patel raised a genuine issue of material fact concerning actual authority by stating in her affidavit that she never authorized Sukhumar to sign for anything or handle any money or contracts; she never authorized him to be a manager for her property; and she never heard him say he was a manager of her property.

Appellee failed to conclusively prove that Sukhumar was Patel's agent and had actual authority to bind her to a property tax reduction services agreement. Patel's first issue is sustained.

## C. Quantum Meruit

"To recover under the doctrine of quantum meruit, a plaintiff must establish that 1) valuable services and/or materials were furnished, 2) to the party sought to be charged, 3) which were accepted by the party sought to be charged, and 4) under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the recipient." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992).

Under the third element, appellee argues that it conclusively proved that Patel accepted appellee's services when she paid her property taxes on a reduced property valuation. However, the summary judgment evidence does not conclusively prove that Patel knew appellee performed services for her in 2006.

---

[3] This is true even though an attorney, Hugh McKenney, purportedly represented Patel in a lawsuit against HCAD and the Board. The summary judgment evidence suggests that appellee transmitted a copy of an agreed final judgment (between Patel and the defendants) to Sukhumar, not to Patel.

Although Patel admits that appellee performed services in 2006, she testified that she did not know appellee performed a service for her in 2006 until 2007. Further, the summary judgment evidence contains no written correspondence (1) from HCAD or the Board to Patel's address;[4] or (2) from appellee to Patel.[5] There is a genuine issue of material fact concerning whether Patel knowingly accepted the services appellee rendered. *See, e.g.*, *Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990) (services rendered must be "knowingly" accepted).

Under the fourth element, appellee argues that it conclusively proved that Patel had reasonable notice that compensation was expected because "Appellee invoiced Appellant with a statement providing all of the necessary information." First, the record contradicts this assertion as the invoices do not include Patel's name but only Sukhumar's name. Thus, appellee "invoiced" Sukhumar, not Patel. Further, there is no evidence in the record that such invoices—charging a fee based on a percentage of the tax savings resulting from appellee's services—were viewed by Patel before performance and acceptance of appellee's services. Accordingly, the invoices were no evidence that Patel was reasonably notified that appellee expected to be paid for its services. *See Heldenfels*, 832 S.W.2d at 41 & n.4 (no evidence of notice; requiring notice "before" or "prior to" the plaintiff's delivery of goods). The record contains no evidence of any communication between appellee and Patel except for Patel's affidavit testimony that she told appellee to stop protesting her property taxes in 2007. Finally, Patel testified by affidavit, "I was never told in 2006 that Plaintiff expected me to pay for what they were doing."

---

[4] There is correspondence from HCAD and the Board to Patel, but the mailing address is appellee's, not Patel's.

[5] There is correspondence from appellee to Patel's mailing address, but the name in the address block is Sukhumar's, not Patel's.

7

Appellee failed to conclusively prove the elements of quantum meruit. Patel's second issue is sustained.

### III. CONCLUSION

The summary judgment evidence, viewed in the light most favorable to Patel, shows that appellee protested Patel's property tax appraisal without first (1) entering into a contract with her; or (2) notifying her that it would be providing services and expecting compensation. The summary judgment evidence suggests appellee did not even contact Patel before protesting her property tax valuation. When she found out what appellee was doing, she told it to stop. Appellee did not stop, and then it sued her in contract and equity. On this summary judgment record, appellee failed to meet its burden on both breach of contract and quantum meruit.

Having sustained both of Patel's issues, we reverse the trial court's summary judgment and remand for further proceedings.


/s/         Sharon McCally
             Justice

Panel consists of Justices Christopher and McCally and Visiting Judge Thomas.[6]

---

[6] The Honorable Brock Thomas, Judge of the 338th District Court of Harris County, sitting by assignment pursuant to section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (West 2013).