**Affirmed and Memorandum Opinion filed June 28, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00042-CV

---

## IN THE MATTER OF THE MARRIAGE OF SHERRIE LEHMAN AND DOUGLAS LEHMAN

---

**On Appeal from the 344th District Court
Chambers County, Texas
Trial Court Cause No. CV29104**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment of divorce between Sherrie Lehman and Doug Lehman. Sherrie asks us to consider one issue: whether the trial court erred in granting summary judgment as to whether Sherrie voluntarily signed the premarital agreement. We find no error in the trial court's judgment and affirm.

### I. Background

On December 17, 2005, Sherrie and Doug were married in Las Vegas, Nevada. One day earlier, the parties executed a premarital agreement in Harris

County, Texas, that precluded the acquisition of community property during their marriage. In attached schedules A and C to the premarital agreement, the separate property of Doug and the separate property of Sherrie, respectively, was identified.

Ten years later, in January 2015, Sherrie filed for divorce, asserting the marriage had become insupportable because of discord in conflict of personalities. Doug filed an amended partial motion requesting both traditional and no evidence summary judgment on Sherrie's claims for a "Separate Property Agreement," including reimbursement, post-divorce maintenance, and her challenge to the premarital agreement as involuntary and unconscionable. The trial court conducted a hearing, and on February 12, 2016, the trial court granted partial summary judgment on these claims in favor of Doug. In its order the trial court stated, "Petitioner may not allege any of the theories on recovery for which summary judgment has been granted in the trial of this matter."

On December 16, 2016, the court called the matter to trial and entered a final divorce decree, finding that no community property had been accumulated by the parties except for a travel trailer that was awarded to Sherrie. Sherrie timely appealed.

## II.    Analysis

In her appeal, Sherrie asserts one issue, claiming the trial court erred in granting Doug's partial motion for summary judgment because Sherrie's response to the motion "clearly raised [a] genuine issue of material fact as to whether [Sherri] voluntarily signed the premarital agreement."

## A.    Standard of review

The summary judgment standards of review are well-known. We review de novo the trial court's order granting summary judgment. *Ferguson v. Bldg.*

*Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam); *Wyly v. Integrity Ins. Solutions*, 502 S.W.3d 901, 904 (Tex. App.—Houston [14th Dist.] 2016, no pet.). We consider the evidence in the light most favorable to the non-movant, and indulge reasonable inferences and resolve all doubts in its favor. *See City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005); *Wyly*, 502 S.W.3d at 904. "We credit evidence favorable to the non-movant if reasonable fact finders could and disregard contrary evidence unless reasonable fact finders could not." *Wyly*, 502 S.W.3d at 904.

To prevail on a no-evidence summary judgment, the movant must allege that no evidence exists to support one or more essential elements of a claim for which the non-movant bears the burden of proof at trial. Tex. R. Civ. P. 166a(i); *Kane v. Cameron Int'l Corp.*, 331 S.W.3d 145, 147 (Tex. App.—Houston [14th Dist.] 2011, no pet.). A no-evidence motion may not be conclusory, but must instead give fair notice to the non-movant as to the specific element of the non-movant's claim that is being challenged. *See Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310–11 (Tex. 2009). The non-movant must then present evidence raising a genuine issue of material fact on the challenged elements. *Kane*, 331 S.W.3d at 147. A fact issue exists where there is more than a scintilla of probative evidence. *See Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012) (per curiam). More than a scintilla of evidence exists if the evidence rises to a level that would allow reasonable and fair-minded people to differ in their conclusions as to the existence of a vital fact. *Dworschak v. Transocean Offshore Deepwater Drilling, Inc.*, 352 S.W.3d 191, 196 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004)).

To prevail on a traditional motion for summary judgment, a movant must establish that no genuine issue of material fact exists so that the movant is entitled

to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Summary judgment is appropriate if the movant conclusively negates at least one essential element of the plaintiff's claim. *Wyly*, 502 S.W.3d at 905.

When, as here, the trial court does not specify the grounds it relied upon in granting the motion, we will affirm if any of the grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000).

## B. Summary judgment evidence

Doug contends that this is a divorce case governed by a premarital agreement that negates Sherrie's claims for reimbursement and post-divorce maintenance. According to Doug, Sherrie has failed to provide any evidence that the premarital agreement is unenforceable. Doug further argues that Sherrie's deposition testimony conclusively establishes the validity of the premarital agreement.

Attached to his amended partial motion requesting both traditional and no evidence summary judgment is a copy of the parties' premarital agreement and Sherrie's deposition testimony. In response to Doug's original no-evidence motion for summary judgment, Sherrie attached her affidavit asserting she did not sign the premarital agreement voluntarily.

## C. The trial court did not err in granting a partial motion for traditional summary judgment on the validity of the premarital agreement.

### 1. Premarital agreement is presumptively valid

Texas law recognizes the general enforceability of premarital agreements. *See generally* Tex. Fam. Code §§ 4.001–.010 (Uniform Premarital Agreement Act); *Beck v. Beck*, 814 S.W.2d 745, 749 (Tex. 1991). Such agreements are presumptively valid but may be determined to be unenforceable if not voluntarily signed or unconscionable. *See* Tex. Fam. Code § 4.006(a); *see also Marsh v.*

4

*Marsh*, 949 S.W.2d 734, 739 (Tex. App.—Houston [14th Dist.] 1997, no writ)). Sherrie has not raised the issue of unconscionability on appeal. Instead, she contends she raised a genuine issue of material fact as to whether she voluntarily signed the premarital agreement.

### 2. No fact issue as to voluntariness of signature on premarital agreement.

The Family Code provides no definition of "voluntarily." *Osorno v. Osorno,* 76 S.W.3d 509, 510–11 (Tex. App.—Houston [14th Dist.] 2002, no pet.). In construing section 4.006(a), this Court has previously referred to commercial law governing enforcement of contracts for guidance. *See Marsh*, 949 S.W.2d at 739–40 (looking to contract cases for definition of "unconscionable").

Texas courts have construed "voluntarily" to mean an action that is taken intentionally or by the free exercise of one's will. *Martin v. Martin*, 287 S.W.3d 260, 263 (Tex. App.—Dallas 2009, pet. denied). The parameters of involuntary execution of a premarital agreement may not be clear in every case and will tend to depend on the circumstances. *Sheshunoff v. Sheshunoff*, 172 S.W.3d 686, 698 (Tex. App.—Austin 2005, pet. denied). In determining whether any evidence of involuntariness existed, we consider (1) whether a party has had the advice of counsel, (2) misrepresentations made in procuring the agreement, (3) the amount of information provided and (4) whether information has been withheld. *Moore v. Moore*, 383 S.W.3d 190, 195 (Tex. App.—Dallas 2012, pet. denied) (citing *Martin*, 287 S.W.3d at 264–66). Evidence of fraud and duress may also provide proof of involuntariness. *Id*. (citing *Sheshunoff*, 172 S.W.3d at 697–98). However, fraud and duress are not themselves defenses to a premarital agreement. *See id*.

The summary judgment evidence demonstrates that there was no genuine issue of material fact as to voluntariness. Her deposition testimony reveals that

Sherrie testified that at the time of her signature on her premarital agreement, she was not under the threat of any violence, intoxicated, and she understood what she was signing. She testified that Doug did not threaten her to secure her signature. She further testified that she was represented by counsel, and made changes to the proposed agreement. Sherrie also testified that there were adequate disclosures of Doug's assets.

In response to Doug's motion, Sherrie submitted an affidavit, which provided:

> Before our marriage we lived in the same household and my primary responsibility was to care for our home and Doug provided the majority of the financial support. I was marginally employed outside the home and I accepted the positions to improve the environment without our home and to be available for my two young daughters. At the time that I was forced to sign the premarital agreement, I did not have the ability to provide financially for my children by myself. When I was presented with the Marital Agreement I was not able to opt out of signing the agreement. It was not an option I could select and so I signed. Since that time I have done everything I could do to improve the situation but just could not make the grade. I feel the agreement is grossly unfair. I feel it takes advantage of my vulnerable position and will create a major inequity if it is enforced. I am asking the court to find that the agreement was not signed voluntarily and set aside the agreement, and divide the community property in a manner that the Court deems just and right.

She testified at her deposition that she did not have the money to hire her own attorney to represent her and that Doug paid for her lawyer to advise her on the premarital agreement. She claims that Doug would not have married her without the premarital agreement, and that she was concerned about her children and did not want to "be out on the street."

The affidavit Sherrie filed in response to Doug's traditional summary judgment motion is conclusory and therefore is insufficient to defeat traditional summary judgment. Affidavits that state conclusions without providing underlying

6

facts to support those conclusions are not proper summary judgment evidence. *See Padilla v. Metro. Transit Auth. of Harris County*, 497 S.W.3d 78, 86 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Moreover, neither her affidavit nor her deposition testimony demonstrate duress. Under Texas law, courts have uniformly held that:

> There can be no duress unless there is a threat to do some act which the party threatening has no legal right to do. Such threat must be of such character as to destroy the free agency of the party to whom it is directed. It must overcome his will and cause him to do that which he would not otherwise do, and which he was not legally bound to do. The restraint caused by such threat must be imminent. It must be such that the person to whom it is directed has no present means of protection. (citation omitted).

*Matthews v. Matthews*, 725 S.W.2d 725, 729 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Thus, for duress to be a contract defense, it must consist of a threat to do something the threatening party has no legal right to do. *Osorno*, 76 S.W.3d at 511 (citing *Brown v. Aztec Rig Equip., Inc.*, 921 S.W.2d 835, 845 (Tex. App.—Houston [14th Dist.] 1996, writ denied)).

In this case, Doug had no legal duty to marry Sherrie. Here, Sherrie's speculation that she had no choice but to sign the premarital agreement is conclusory. The record does not reflect that Doug employed extortive measures or made improper demands to get her to sign the agreement. The record also does not reflect that she would have been harmed had she not signed the agreement. There are no allegations that Sherrie was inadequately represented by counsel. Instead, the record reflects Sherrie's personal beliefs that signing the agreement was best for her and her children. While Sherrie may have believed she was faced with a difficult choice, she presented no summary judgment evidence showing her decision to sign the agreement was involuntary. *See Osorno*, 76 S.W.3d at 511. Thus, we conclude the trial court did not err in granting Doug's partial traditional motion for summary

7

judgment.

Appellant's issue is overruled.

### III. Conclusion

The judgment of the trial court is affirmed.


/s/ John Donovan
   Justice


Panel consists of Justices Christopher, Donovan, and Jewell.