Jason FERGUSON and Bobbie
Ferguson, Petitioners,

v.

BUILDING MATERIALS CORPORA-
TION OF AMERICA, CPC Logistics,
Inc., and Robert James Maddox, Re-
spondents.

No. 08–0589.

Supreme Court of Texas.

July 3, 2009.

Rehearing Denied Aug. 21, 2009.

Kirk L. Pittard, F. Leighton Durham
III, Durham & Pittard, LLP, Kimberly A.
Stovall, Kimberly A. Stovall & Associates,
Dallas, TX, for Petitioner.

Greg K. Winslett, Richard Lee Smith,
Matthew Joseph Kita, Quilling, Selander,
Cummiskey & Lownds, P.C., Dallas, TX, J.
Phillip Griffis, Barlow, Jones & Brust,
Houston, TX, for Respondent.

St. Clair Newbern, Law Office of St. Clair Newbern, Fort Worth, TX, for Amicus Curiae.

PER CURIAM.

At issue in this appeal is whether the plaintiffs in a personal injury suit should be estopped from pursuing their claim because they initially omitted it as a listed asset in a pending bankruptcy. The court of appeals, in a divided opinion, concluded that the doctrine of judicial estoppel should apply and affirmed the trial court's dismissal of the plaintiffs' personal injury claim. 276 S.W.3d 45. The court of appeals reasoned that the doctrine applied because of the plaintiffs failure to add the personal injury claim as an asset in their bankruptcy proceeding before the personal-injury defendant pointed out the omission and moved for dismissal. Because we disagree that the doctrine is invoked under the circumstances of this case, we reverse and remand the personal injury claim to the trial court.

Jason Ferguson and his wife sued Building Materials Corporations of America and others for injuries Ferguson suffered when an eighteen-wheeler crashed into a building, which collapsed on him. A few months after filing the personal injury suit against Building Materials, the Fergusons filed for bankruptcy, which required them to disclose their income, assets, and liabilities to the bankruptcy court, the bankruptcy trustee, and their creditors. *See* 11 U.S.C. § 521(a)(1)(A) & (B)(i),(ii),(iii). To comply with these disclosures, the Fergusons completed several forms, including a Statement of Financial Affairs and a Schedule of Personal Property. The Fergusons disclosed the pending lawsuit in the Statement of Financial Affairs, providing the caption and style of the suit, nature of the claim, cause number, and the court in which it had been filed. The Fergusons,

however, failed to include it on their Schedule of Personal Property.

The Fergusons also participated in a creditors meeting at which they again disclosed the pending personal injury suit to the bankruptcy trustee. *See* 11 U.S.C. § 341(c). The trustee acknowledged the existence of the pending litigation in his report, which was given to the bankruptcy court and creditors. None of the creditors objected to the final bankruptcy plan that failed to include the lawsuit as an asset.

Within weeks of the plan's approval, Building Materials, the defendant in the personal injury lawsuit, filed a motion for summary judgment, claiming the personal injury action was barred on the basis of judicial estoppel. The trial court granted the motion, and a divided court of appeals affirmed, reasoning that the Fergusons were judicially estopped from pursuing the personal injury lawsuit. 276 S.W.3d at 49–52.

 Judicial estoppel precludes a party who successfully maintains a position in one proceeding from afterwards adopting a clearly inconsistent position in another proceeding to obtain an unfair advantage. *Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 6 (Tex.2008). Accordingly, a party cannot be judicially estopped if it did not prevail in the prior action. *See Long v. Knox*, 155 Tex. 581, 291 S.W.2d 292, 295 (1956). The doctrine is not intended to punish inadvertent omissions or inconsistencies but rather to prevent parties from playing fast and loose with the judicial system for their own benefit. *Pleasant Glade Assembly of God*, 264 S.W.3d at 7.

 The Fergusons have neither taken a clearly inconsistent position nor gained an unfair advantage in their bankruptcy proceeding. As the dissenting justice in the court of appeals noted, the Fergusons

never attempted to conceal the existence of the personal injury suit. 276 S.W.3d at 54. Rather, the Fergusons listed it on their Statement of Financial Affairs and also disclosed it to the trustee at the creditors meeting, at which time they acknowledged the suit and directed the trustee to contact plaintiffs' counsel if the trustee needed additional information. And, although the Fergusons omitted it from the bankruptcy plan initially confirmed by the court, when the omission was called to their attention, they amended their bankruptcy plan to include its value and agreed to recalculate the amount owed to the creditors. Thus, even assuming the existence of an inconsistent position, the Fergusons have gained no advantage and more importantly, neither Building Materials in the pending personal injury suit nor the creditors in the bankruptcy have suffered any disadvantage. The doctrine of judicial estoppel simply does not apply under these circumstances. *See Pleasant Glade Assembly of God,* 264 S.W.3d at 6–8.

■ We review a grant of summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.,* 253 S.W.3d 184, 192 (Tex.2007). Because the Fergusons have taken neither a clearly inconsistent position nor obtained an unfair advantage, the court of appeals erred in affirming the dismissal of their personal injury claim under the doctrine of judicial estoppel. We accordingly grant the petition for review and, without hearing oral argument, reverse the court of appeals' judgment and remand the case to the trial court for further proceedings. *See* Tex. R.App. P. 59.1.