**AFFIRM; and Opinion Filed April 9, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00712-CV

**ROBERT WINSPEAR, Appellant**

**V.**

**COCA-COLA REFRESHMENTS, USA, INC., Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-01740-2012**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice O'Neill

In this permissive interlocutory appeal, appellant Robert Winspear appeals an order denying his motion to apply Georgia law to appellee Coca-Cola Refreshment, USA, Inc.'s suit on his personal guaranty. In a single issue, Winspear asserts the trial court erred in denying his motion because a choice of law provision in the underlying credit instrument also controlled the Guaranty. For the following reasons, we affirm the trial court's order.

Winspear is the owner and President of La Familia Distributing, LLC., a Coca-Cola distributer. La Familia entered into a Reseller Contract with Coca-Cola, which allowed La Familia to market and sell Coca-Cola products. When La Familia fell behind on its payments, Coca-Cola agreed to extend credit to La Familia pursuant to a Credit Application and Agreement. Paragraph 9 of the Credit Agreement provided:

> Choice of Law/Venue. Applicant agrees that the law of the state of Georgia shall govern the terms and enforcement of this Credit Agreement. In the event that it is necessary to enforce the terms of this Agreement through a court proceeding, Applicant waives an [sic] objections and agrees that venue shall be proper in the state or federal courts in the State of Georgia.

Winspear signed the Agreement for La Familia as its CEO. Underneath the Agreement, but on the same page, was a separate "Individual Personal Guaranty" in which Winspear guaranteed the payment of La Familia's obligations under the Credit Agreement. The Guaranty did not contain a choice of law or venue provision.

Coca-Cola subsequently filed suit in Georgia against La Familia on the Credit Agreement and against Winspear on the Guaranty. To support jurisdiction over both defendants, Coca-Cola relied on the "Choice of Law/Venue" provision in the Credit Agreement. Winspear contested the Georgia court's jurisdiction over him and moved for summary judgment on that ground. He asserted he did not "do business" in Georgia and the Credit Agreement could not provide a basis for jurisdiction because he did not sign that agreement. The Georgia court agreed, and dismissed Coca-Cola's claims against Winspear. The Georgia court, however, granted summary judgment in favor of Coca-Cola on its claims against La Familia.

Coca-Cola then filed suit against Winspear in Texas on the Guaranty. Winspear filed a "Motion to Take Judicial Notice of the Laws of Georgia and to Apply Georgia Law as Choice of Law." He asserted Georgia law applied to the dispute because the parties chose Georgia law to govern the Guaranty. *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187(1) (1971). To show such a choice, he relied on the choice of law provision in the Credit Agreement. The trial court denied Winspear's motion. Winspear then filed a motion in the trial court requesting permission to bring this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West Supp. 2013). To support his motion, Winspear asserted that if Georgia law applied to the Guaranty, the Guaranty would be unenforceable, and the dispute between the

–2–

parties would be resolved. *See id.* (a trial court may only grant permission to appeal an otherwise unappealable order if an immediate appeal could materially advance the ultimate termination of the litigation). The trial court granted Winspear permission, and this Court accepted the interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f) (West Supp. 2013); TEX. R. APP. P. 28.3.

In his sole issue, Winspear asserts the trial court erred in denying his motion to apply Georgia law to the Guaranty. A trial court's determination of choice of law is a question of law and is reviewed de novo. *Johnson v. Structured Asset Servs., L.L.C.*, 148 S.W.3d 711, 720 (Tex. App.—Dallas 2004, no pet.). Under Texas choice-of-law rules governing contracts, we look to section 187 of the Restatement (Second) of Conflict of Laws for contracts that contain an express choice of law, and section 188 for those that do not. *Sonat Exploration Co. v. Cudd Pressure Cont., Inc.*, 271 S.W.3d 228, 231 (Tex. 2008).

Winspear first relies on section 187 of the Restatement to show the parties chose Georgia law to govern the Guaranty. Under section 187(1), "The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue." Comment a to Section 187 provides the section is inapplicable in the absence of a choice by the parties and that it is not sufficient to show the parties, if they had thought it, would have chosen the law of a particular state to apply. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187 cmt. a. But the Restatement also recognizes that a party may show a choice was made even if there is no explicit choice of law provision based on the use of legal terms or doctrines peculiar to a particular State. *Id; see also Sonat*, 271 S.W.3d at 232.

Winspear concedes the Guaranty itself did not contain a choice of law provision. He also concedes the Guaranty did not incorporate the choice of law provision in the Credit Agreement.

He nevertheless asserts that the choice of law provision in the Credit Agreement establishes the parties chose Georgia law to govern the Guaranty. He relies almost entirely on the Fifth Circuit's opinion in *Resolution Trust Corp. v. Northpark Joint Venture*, 958 F.2d 1313 (5th Cir. 1992).

In *Northpark Joint Venture*, the plaintiff creditor sued the guarantors under a Guaranty that did not contain a choice of law clause. *Id.* at 1318 n.7. However, both the creditor and the guarantors argued competing choice of law clauses in other agreements applied to the Guaranty. The creditor relied on a Texas choice of law clause in the underlying promissory note, while the guarantors relied on a Mississippi choice of law clause in a deed of trust that secured that note. *Id.* at 1318. The Fifth Circuit, applying Texas choice of law rules, concluded Texas law applied to the dispute. *Id.* at 1319. It first concluded that because the deed of trust did not create the plaintiff's right to a deficiency judgment, the choice of law clause in that agreement was not applicable. It said "if anything," the parties agreed that the choice of law clause in the underlying note would apply to the Guaranty. *Id*. at 1319. It reasoned that, in executing the Guaranty, the parties "essentially ratified" the choice of law provision in the underlying Note. In doing so, it relied on a Texas case that did not concern ratification, but held that a clause in a guaranty expressly stating it would be construed under the laws of Louisiana would be given effect even though the creditor was seeking to collect a deficiency judgment following foreclosure on real property located in Texas. *See North Park Joint Venture*, 958 F.2d at 1319 *citing First Comm. Realty Inv. v. K-F Land Co.*, 617 S.W.2d 806, 809 (Tex. App. — Houston [14th Dist.] 1981, writ ref'd n.r.e.). Moreover, the *NorthPark Joint Venture* Court further held that even if the parties did not agree to a choice of law, Texas law would apply regardless under section 188's "most significant relationship test."

Ratification is a doctrine of agency law, and allows a principal to be bound by an agent's unauthorized contract in circumstances where the principal becomes aware of the contract and retains benefits under it. *Willis v. Donnelly*, 199 S.W.3d 262, 273 (Tex. 2006). Winspear does not however assert he was contractually bound by the clause, but only that the Credit Agreement evidenced the parties "expectations."[1] But section 187 is premised on a contractual choice and requires an "affirmative election" of the law of a particular State. *Sonat*, 271 S.W.3d at 232.

Even if we could conclude some theory of ratification might apply under these facts, the parties at most "ratified" that Georgia law would apply to the Credit Agreement, not that it would apply to the Guaranty itself. We cannot agree with Winspear to the extent he argues that by agreeing to the law that would govern the Credit Agreement, the parties also necessarily agreed that Georgia law would apply to the Guaranty. There is nothing that would inherently require the law of the same State to apply to the underlying debt and a Guaranty of that debt, and a party may, for various reasons, wish to have different laws apply to a Guaranty and the underlying debt. *Cf. Sonat*, 271 S.W.3d at 232 (implicit choice of law with respect to certain provisions of contract does not show parties chose that law to apply to entire contract).

Finally, nothing within the terms of the Guaranty itself suggests the parties expected Georgia law to apply or that it was made with a "view" toward Georgia law. *See DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677 (Tex. 1990), *citing Wayman v. Southland*, 23 U.S. 1, 48 (1825) (it is a principal of "universal law . . . that, in every forum, a contract is governed by the law with a view to which it was made."). Specifically, the Guaranty does not contain legal expressions or make references to legal doctrines peculiar to the law of Georgia. To the

---

[1] Ratification extends to an entire transaction, and the doctrine cannot be used to allow a party to ratify only those parts of a transaction which are beneficial and disavow those which are detrimental. *Land Title Co. of Dallas, Inc. v. F. M. Stigler, Inc.*, 609 S.W.2d 754, 757 (Tex. 1980). Here, Winspear seeks to ratify only the choice of law portion of the clause, not the venue portion.

contrary, Winspear himself alleges the Guaranty, on its face, is invalid because it does not meet clear requirements of Georgia law.[2]

We conclude Winspear has failed to show the parties chose Georgia law to govern the Guaranty. Therefore, we look to section 188 of the Restatement to determine what law applies to the Guaranty. See *Sonat Exploration,* 271 S.W.3d at 231. Under section 188(1), in the absence of an effective choice of law by the parties, a contract is governed by the law of the State that has the "most significant relationship" to the transaction in light of the general choice of law principals set out in section six of the Restatement. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188(1) (1971). Those general choice of law principals include a consideration of the policies and interests of the respective forums, the protection of the "justified expectations" of the parties, the policies underlying the particular field of the law at issue, certainty, predictability, and uniformity of result, and the ease in the determination and application of the law to be applied. *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6(2) (1971).

With respect to a contract, in determining what State has the most significant relationship to a dispute, we consider: (1) the place of contracting, (2) the place of negotiation of the contract, (3) the place of performance, (4) the location of the subject matter of the contract, and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties. RESTATEMENT (SECOND) CONFLICT OF LAWS § 188(2). Here, Winspear concedes applying the section 188(2) factors "would favor" application of Texas law. We agree, and our review of those factors reveals, other than being the corporate headquarters of Coca-Cola, Georgia has little relationship to the contractual dispute. Indeed, the Georgia court, in dismissing Coca-

---

[2] Winspear's basis for bringing this interlocutory appeal, and the ground upon which the trial court granted him permission to do so, is his contention that the Guaranty is invalid under Georgia law. Even if a contract contains a choice of law provision, the parties' expectations as stated in their contract should not be frustrated by applying a State's law that would invalidate the contract, at least not unless those expectations are substantially outweighed by the interests of the state with the invalidating rule. *Sonat Exploration*, 271 S.W.3d at 235; RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187 cmt. e. Here, Georgia has little, if any, interest in invalidating the personal guaranty of a Texas resident.

Cola's claims against Winspear, referencing not just the Guaranty but the transactions out of which it arose, found "everything that was done[,] was done in Texas."

Winspear nevertheless asserts the 188(2) factors must all give way to the overriding policy of protecting the "justified expectations of the parties," which he asserts shows the parties expected Georgia law to govern the Guaranty. He again relies on the choice of law provision in the Credit Agreement. However, we cannot agree that either Coca-Cola or Winspear could justifiably expect a choice of law provision which Winspear admits was neither part of the Guaranty nor incorporated into the Guaranty would apply to the Guaranty.

Winspear also relies heavily on his and Coca-Cola's post-breach litigation conduct to show the parties justifiably expected Georgia law to govern the Guaranty. In particular, both he and Coca-Cola cited to Georgia law in bringing their respective claims and defenses in the Georgia court. Notably, when Coca-Cola did so, Georgia was not only the forum State, but Coca-Cola was relying on a "Choice of Law/Venue" provision it contended bound the parties. The Georgia court subsequently determined the provision did not bind Winspear. Regardless, we cannot agree that the parties' post-breach, litigation conduct, that could have been based on a myriad of factors, establishes the parties had any particular expectations at the time they entered the contract.

Finally, we reject Winspear's argument that Georgia law should apply to further the section 6 principal that favors "certainty, predictability, and uniformity of result." In making his argument, Winspear asserts the law of Georgia should control because Coca-Cola is a Georgia corporation, it contracts with guarantors from several different States, and therefore the same law should govern to allow for "uniformity of result with respect to guarantors' obligations." In making this argument, Winspear misunderstands the predictability and uniformity of result principal courts should consider in making a choice of law determination. Section 6 does not

speak to the result of the merits of the underlying contractual dispute, but the result of the choice of law decision itself. Here, section 188(2) of the Restatement provides clear guidance for courts to consider in making a choice of law determination. We conclude that it is adherence to, not disregard of, these factors that provides certainty, predictability, and uniformity of result.

Finally, Winspear asserts Coca-Cola should be judicially estopped from denying that Georgia law controls because it relied on Georgia law in the Georgia court proceedings. Judicial estoppel precludes a party who successfully maintains a position in one proceeding from afterwards adopting a clearly inconsistent position in another proceeding to obtain an unfair advantage. *Ferguson v. Building Materials Corp. of Am.*, 295 S.W.3d 642, 643 (Tex. 2009). But a party cannot be judicially estopped if it did not prevail in the prior action. *See id.* In the Georgia litigation, Coca-Cola asserted the "Choice of Law/Venue" provision in the Credit Agreement applied to its claim against Winspear. Winspear contested Coca-Cola's claim asserting the provision did not apply to the Guaranty. The Georgia court agreed with Winspear. Coca-Cola is not now estopped from asserting, in the absence of an effective choice of law provision, that Texas law applies to the Guaranty.

We conclude Winspear has not shown the trial court erred in denying his motion to apply Georgia law. We affirm the trial court's order.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

130712F.P05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT WINSPEAR, Appellant

No. 05-13-00712-CV        V.

COCA-COLA REFRESHMENTS, USA, INC., Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 296-01740-2012.
Opinion delivered by Justice O'Neill.
Justices Lang-Miers and Evans participating.

In accordance with this Court's opinion of this date, the trial court's order is **AFFIRMED**.

It is **ORDERED** that appellee COCA-COLA REFRESHMENTS, USA, INC. recover its costs of this appeal from appellant ROBERT WINSPEAR.

Judgment entered this 9th day of April, 2014.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE