**Reversed and Remanded and Memorandum Opinion filed May 13, 2014.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-13-00522-CV

---

## RICHARD'S AUTO SALES AND RICHARD OSBORNE, Appellants

### V.

## FAN DISTRIBUTING LLC, Appellee

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1001783**

---

## M E M O R A N D U M   O P I N I O N

Appellants Richard's Auto Sales and Richard Osborne (collectively, Osborne) held a business line of credit with a bank that became delinquent and was sold to a third party. Fan Distributing purchased this delinquent account and sued Osborne to collect the debt. The trial court granted summary judgment in favor of Fan Distributing. In two issues, Osborne asserts that fact issues preclude summary judgment on the debt and the award of attorney's fees. We agree, and reverse and remand for a new trial.

BACKGROUND

Fan Distributing purchased account number 5474648801014079 from a previous creditor. Osborne had opened or guaranteed the account and promised to pay it. Osborne defaulted in making payments on the account, and Fan Distributing sued on an open and stated account, for debt, and for breach of contract. Osborne answered with a general denial.

Fan Distributing filed a motion for summary judgment. In its motion, it asserted that Osborne had an open and stated account, which had been closed because Osborne breached the agreement to pay. Fan Distributing urged that because it had been assigned Osborne's account by Wells Fargo, the original creditor, it had the same rights and obligations as Wells Fargo. Fan Distributing alleged that Osborne failed to make payments as required by the terms of the contract, resulting in damages to Fan Distributing. It asserted it was entitled to judgment as a matter of law on its breach of contract claim. Additionally, Fan Distributing asserted that it was entitled to attorney's fees and court costs because it had proved that Osborne's breach had caused damages.

As evidence, Fan Distributing attached Exhibit A, an affidavit from its executive officer, Alan Cameros. In this affidavit, Cameros stated the following:

> I have personal knowledge of the facts stated herein, and they are all true and correct.
>
> 1. "I am an officer of FAN Distributing ("FAN"), Plaintiff in this action. FAN currently owns this debt.
>
> 2. "By virtue of the relationship and my employment, all information contained about this delinquent debt is made available to me for the purpose of collecting such delinquent debt. I have personal knowledge of relevant financial and account information concerning Account No. 5474648801014079, which is made the subject of this lawsuit including the name and address of the debtor, payments made, and credits received. I also have personal

2

knowledge that Defendant(s) failed to make timely payments on the account, the outstanding balance due and that the interest accrues at a rate of 9.25%.

3. "Demand for payment of the balance owing was made to Defendants RICHARD'S AUTO SALES and RICHARD OSBORNE, more than thirty (30) days prior to making this affidavit, and payment still has not yet been made.

4. "Attached hereto are true and correct copies of the business records of FAN. These documents show the financial information, including the balance owing, on the Account. These records are kept by Plaintiff in the regular course of business and it was in the regular course of business of Plaintiff or its predecessor for an employee or representative with personal knowledge of the act, event, condition, or opinion recorded to make the memorandum or records or to transmit information thereof to be included in such memorandums of records. The records were made at or near the time of the act, event recorded, or reasonably soon thereafter.

5. "Defendant(s) have made no claim of being an active member in the military services of the United States or any state thereof, and to the best of my knowledge, the defendant is not an active member in military service. Nor have they requested reduction of the interest rate on the account pursuant to the Soldiers and Sailors Civil Relief Act.

6. "The debt on the Account is delinquent, past due and remains due and owing. Plaintiff is the party and entity to whom the delinquency is owed. There are no set-offs, credits, or allowances due or to become due from the Plaintiff to the Defendant, other than those set forth herein. . . . The current balance due is $31,539.83 plus any prejudgment interest permitted by the agreement or by law."

Attached to Exhibit A are two bills of sale, both dated May 28, 2010. One is from Wells Fargo Bank, N.A. conveying to Absolute Resolutions Corp. "certain assets" identified in the "Asset Schedule" attached as "Exhibit II." The second is from Absolute Resolutions conveying to Fan Distributing the same assets.[1] Both

---

[1] There is neither an "Asset Schedule" nor an "Exhibit II" included with the bills of sale.

bills of sale identically convey "the right to collect all principal, interest or other proceeds of any kind with respect to the Assets remaining due and owing of as of the date hereof." A spreadsheet is also attached to Cameros' affidavit, which lists an "original account" numbered 5474648801014079, an "original lender" of "Wells Fargo Bank," a balance of $31,539.83, a charge-off date of "12/23/2008," a company name of "RICHARDS AUTO SALES," identical address information as is detailed on the Wells Fargo BusinessLine account statements (described below), and a guarantor identified as "OSBORNE, RICHARD."

Exhibit B to Fan Distributing's summary judgment motion consists of several copies of account statements from Wells Fargo. These statements indicate that Richard's Auto/Richard Osborne had a $30,000 Wells Fargo BusinessLine line of credit that was over the limit and "seriously delinquent" in September 2008. This line of credit, assigned account number 5474648801014079, continued to accrue over-limit fees and finance charges from September 2008 to December 23, 2008, when Wells Fargo "charged off" the account. At that time, the account had a balance of $31,539.83, and the annual interest rate was 9.25%. Finally, Exhibit C to the motion is an affidavit proving up Fan Distributing's attorney's fees.

Osborne filed a response, asserting that there were issues of fact preventing summary judgment. Osborne attached Richard Osborne's affidavit and an affidavit from Osborne's attorney to his response. In the response, Osborne specifically urged that the following fact issues precluded summary judgment in favor of Fan Distributing:

1. According to the affidavit of Fan Distributing, a careful reading shows that the note the subject of this suit was actually conveyed to ABSOLUTE RESOLUTIONS CORP., a corporation organized under the laws of the State of California. . . .

4

2. FAN DISTRIBUTING, LLC never states in their affidavit that they own[,] have owned[,] or currently have any relationship whatsoever to ABSOLUTE RESOLUTIONS CORP.

3. In order to prevail, on a suit on a note, Plaintiff must prove they own the note or have privity to the note. The affidavit of Alan Camero's [sic] general statement that Fan currently owns this debt is simply a general statement. The document attached (labeled Exhibit III) shows that WELLS FARGO conveyed the note to ABSOLUTE RESOLUTIONS CORP. No where in any document provided by Plaintiff does it state that FAN DISTRIBUTING, LLC owns the note currently owned (according to its own documentation) by ABSOLUTE RESOLUTIONS CORP NOT FAN DISTRIBUTING, LLC.

4. The affidavit of Richard Osborne . . . states that Richard Osborne has no knowledge of the debt owed, and specifically denies that neither Richard Osborne, individually nor his Business Richard's Auto Sales owns the money which is the subject of this litigation.

5. The affidavit of Richard Osborne . . . states that a careful reading of Plaintiff's Motion for Summary Judgment shows that Plaintiff does not own the note, that he has no idea who ABSOLUTE RESOLUTION CORP IS, nor has he ever heard of FAN DISTRIBUTING, LLC.

6. Mr. Osborne also states in his affidavit that he does not owe any monies to FAN DISTRIBUTING LLC.

7. The affidavit of Charles G. Kingsbury . . . states that the attorney's fees in this case are clearly excessive, unnecessary and unreasonable.

Other than the asserted fact issues excerpted above, Osborne had no other response to the motion. Richard Osborne's affidavit provides, in pertinent part, that (a) he does not owe Fan Distributing any money, (b) he has never signed a contract with Fan Distributing, (c) he has never received any documentation from Fan Distributing stating he owed it any money, and (d) he had never heard of Fan Distributing until he was served with the lawsuit.

The trial court signed a final summary judgment in favor of Fan Distributing, awarding it $31,539.83 as "principal," $7,884.96 in attorney's fees, $7,884.96 in attorney's fees if Osborne "unsuccessfully appeals," 9.25% in post-judgment interest on the principal award, 5% post-judgment interest on the attorney's fee award, and costs of court. Osborne filed a motion for new trial/motion to set aside the summary judgment raising the same issues as had been raised in the response to Fan Distributing's summary judgment motion. The trial court denied Osborne's motion for new trial, and this appeal timely followed.

## ANALYSIS

On appeal, Osborne challenges the summary judgment in favor of Fan Distributing in two issues. First, Osborne asserts that the trial court erred in granting summary judgment because there were material issues of fact precluding judgment as a matter of law in favor of Fan Distributing. Second, Osborne claims that, because Osborne's attorney filed a controverting affidavit regarding attorney's fees in the trial court, summary judgment on attorney's fees was improperly granted.

We review the trial court's granting of a summary judgment de novo. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam). To be entitled to summary judgment under Rule 166a(c), a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We take as true all evidence favorable to the nonmovant and resolve any doubt in his favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the

6

nonmovant if reasonable fact finders could, and disregarding evidence contrary to him unless reasonable fact finders could not.  *Mann Frankfort*, 289 S.W.3d at 848.

To recover for breach of contract, a plaintiff must show:  (1) the existence of a valid contract, (2) the plaintiff performed or tendered performance, (3) the defendant breached the contract, and (4) the plaintiff suffered damages as a result of the defendant's breach.  *Parker Drilling Co. v. Romfor Supply Co.*, 316 S.W.3d 68, 72 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).  Additionally, an assignee stands in the assignor's shoes and may assert those rights that the assignor could assert, including bringing suit.  *See Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 420 (Tex. 2000); *Ainsworth v. CACH, LLC*, No. 14-11-00502-CV, 2012 WL 1205525, at *6 (Tex. App.—Houston [14th Dist.] Apr. 10, 2012, pet. denied) (mem. op.).

As excerpted above, Cameros affirmatively stated in his affidavit that "Plaintiff [Fan Distributing] is the party and entity to whom the delinquency is owed."  Although there are bills of sale accompanying Cameros' affidavit, as noted above, the asset schedule identifying the transferred assets described in these bills of sale is missing from our record.  Thus, there is nothing in the record to support Cameros' conclusory assertion that FAN currently owns Osborne's debt.

Moreover, in Richard Osborne's affidavit, he states twice that he does not owe any money to Fan Distributing:

> After reviewing the documents in [Fan Distributing]'s Motion for Summary Judgment, it is apparent that FAN DISTRIBUTING, LLC claims that I owe them monies in the amount of $31,539.83.  *That is simply not true.*
>
> ***
>
> I have also reviewed the amounts FAN DISTRIBUTING, LLC claims are owned . . . and the amount of $31,539.83 is not only untrue, but *I do not owe FAN DISTRIBUTING, LLC any monies at this time.*

7

(emphasis added).

Viewing this evidence in the light most favorable to Osborne, taking these statements as true, and resolving any doubt in Osborne's favor, as we must in reviewing this summary judgment, we conclude that there is a fact issue regarding whether Osborne owes this debt to Fan Distributing. *See Mann Frankfort*, 289 S.W.3d at 848; *20801, Inc.*, 249 S.W.3d at 399. Specifically, there is a fact issue regarding whether Fan properly acquired this debt and thus stands in the shoes as an assignee of Wells Fargo and may bring this suit against Osborne,[2] and this fact issue is compounded by Richard Osborne's affidavit. *Cf. Gellaty v. Unifund CCR Partners*, No. 01-07-00552-CV, 2008 WL 2611894, at *5–6 (Tex. App.—Houston [1st Dist.] July 3, 2008, no pet.) (mem. op.) (concluding that deemed admissions coupled with proper affidavits supplied conclusive proof of elements of Unifund's breach of contract cause of action).

Accordingly, we conclude that Osborne raised a fact issue sufficient to preclude summary judgment on this record. We therefore sustain Osborne's first issue. Having sustained Osborne's first issue, we need not address Osborne's second issue. *See* Tex. R. App. P. 47.1.

We reverse and remand this cause for proceedings consistent with this opinion.

/s/    Sharon McCally
        Justice

Panel consists of Justices McCally, Busby, and Donovan.

---

[2] *See Gulf Ins. Co.*, 22 S.W.3d at 420.

8