**Affirmed and Memorandum Opinion filed April 7, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00550-CV

### D. PATRICK SMITHERMAN, Appellant

### V.

### BANK OF AMERICA, N.A., Appellee

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2011-47746**

## M E M O R A N D U M   O P I N I O N

Appellant D. Patrick Smitherman challenges the summary judgment in favor of appellee Bank of America, N.A. (BANA) on Smitherman's breach of contract and fraud claims. Smitherman asserts that he raised genuine issues of material fact on both of his claims, which precludes summary judgment. Because we determine that Smitherman failed to raise a genuine fact issue regarding damages, we affirm.

## BACKGROUND

In 2005, Smitherman entered into a mortgage agreement to purchase real property located at 1044 West 25th Street, #E, Houston, by executing a note for $183,900, secured by a deed of trust. Smitherman defaulted on his February and March 2011 mortgage payments, which at that time amounted to $1,205.65 per month. BANA, the note holder, notified Smitherman of the default in writing on March 21, 2011. The notice provided that Smitherman could cure the default on or before April 20, 2011 by paying $2,514.28, which consisted of past due mortgage payments and a late fee. The notice provided that to cure the default, BANA "must receive the amount of $2,514.28 *plus any additional regular monthly payments or payments, late charges, fees and charges which become due on or before April 20, 2011*." (emphasis added). The notice further stated:

> The default will <u>not</u> be considered cured unless [BANA] receives "good funds" in the amount of $2,514.28 on or before April 20, 2011. . . . If less than the full amount that is due is sent to us, we can keep the payment and apply it to the debt but still proceed to foreclosure since the default would not have been cured.
>
> If the default is not cured on or before April 20, 2011, the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time. As such, the failure to cure the default may result in the foreclosure and sale of your property.

According to Smitherman, on April 19, he went to a local BANA branch "to cure his defaults." He spoke to the branch manager and explained his situation. He was put through by phone at the branch location to a member of BANA's Loss Mitigation Unit. Smitherman spoke with this individual, a female whose last name was Ramirez, and she advised him that BANA would accept $2,411.30 to cure the default. Smitherman asserts that Ramirez informed him that BANA would waive

the late charges and accept the past-due mortgage payments to cure his default. Ramirez also advised Smitherman that his April 2011 payment, due at that time, could be repaid in four equal monthly installments, beginning on May 18 and continuing through August 18. Smitherman understood that under this arrangement, his mortgage payments for May, June, July, and August would be due on the 18th of each month and would include equal portions of the April 2011 payment. Ramirez indicated that the necessary paperwork would be sent to Smitherman to reflect this repayment plan.[1] That same day, Smitherman authorized the issuance of an electronic check in the amount of $2,411.30 to BANA.

Smitherman defaulted on the May 18 mortgage payment, believing he had been set up for automatic debit for the payment.[2] He asserted that he did not discover the payment had not gone through until he received a July 19, 2011 debt acceleration notice from BANA. This letter provided that payment of past due amounts on Smitherman's mortgage loan had not been received and the mortgagee had elected to accelerate the maturity of the debt. It stated that Smitherman had a right to reinstate the loan and that he could call the Foreclosure Department to obtain reinstatement figures. Smitherman could not recall receiving any correspondence from BANA following his April 19 telephone conversation with Ramirez until he received the July 19 debt acceleration notice. BANA attached a

---

[1] In his June 2013 deposition, Smitherman could not recall whether he received anything in writing from BANA regarding the repayment plan; he further stated that he could not recall if the female, whose name he also could not recall, indicated that something in writing would be sent. He stated that he "throw[s] a lot of [his] mail away." But in his January 2014 affidavit attached to his summary judgment response, Smitherman stated definitively that (1) Ramirez was the name of the individual to whom he had spoken and (2) she indicated the "necessary paperwork" to reflect the repayment plan would be sent to him.

[2] In his June 2013 deposition, Smitherman offered no reason for his failure to pay his May through August 2011 mortgage payments.

copy of a notice of substitute trustee sale to the debt acceleration notice, which provided that the property would be sold on September 6, 2011, by public auction.

On August 12, Smitherman filed this suit seeking a restraining order, temporary injunction, permanent injunction, and damages for breach of contract. Smitherman alleged that BANA had breached its mortgage agreement with him by failing to properly notify him and permit him to cure the default. Smitherman obtained a temporary restraining order (TRO) that same day, preventing BANA from foreclosing on the property. The parties agreed to extend the TRO until September 9, 2011. No other injunctive relief appears of record.

On January 7, 2014, BANA filed a traditional and no-evidence motion for summary judgment. In this motion, BANA asserted that Smitherman's claims for breach of contract, injunctive relief, and fraud failed as a matter of law. BANA further asserted that Smitherman lacked evidence of one or more of the elements of each of his claims. Smitherman responded to BANA's summary judgment motion, asserting that fact issues precluded summary judgment. The trial court heard the motion, and, following the hearing, entered final summary judgment in favor of BANA on all of Smitherman's claims. This appeal timely followed.

## ANALYSIS

### A.    Standard of Review

We review de novo the trial court's decision to grant a summary judgment. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009). When the trial court grants the judgment without specifying the grounds, we will affirm if any of the grounds presented are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). BANA moved for summary judgment on both traditional and no-evidence grounds. Because we affirm the trial

4

court's summary judgment on no-evidence grounds, we describe only the standard of review applicable to a no-evidence summary judgment.

We review the summary judgment evidence in the light most favorable to the non-movant, crediting evidence favorable to the non-movant if reasonable fact finders could, and disregarding contrary evidence unless reasonable fact finders could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *see also King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). In a no-evidence summary judgment motion, the movant asserts that there is no evidence of one or more essential elements of the claims for which the non-movant bears the burden of proof at trial. Tex. R. Civ. P. 166a(i). The trial court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact. Tex. R. Civ. P. 166a(i). The non-movant is "'not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements.'" *Hamilton v. Wilson*, 249 S.W.3d 425, 427 (Tex. 2008) (quoting Tex. R. Civ. P. 166a(i) cmt.–1997). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded fact finders to differ in their conclusions. *Id.* (citing *City of Keller*, 168 S.W.3d at 822).

## B.    No Evidence of Damages

The elements of a breach of contract claim are (1) a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach. *West v. Triple B Servs., LLP*, 264 S.W.3d 440, 446 (Tex. App.—Houston [14th Dist.] 2008, no pet.). In the no-evidence portion of its motion for summary judgment,

BANA asserted, *inter alia*, that Smitherman had no evidence of damages.[3] Smitherman responded to the summary judgment motion and attached his affidavit. Regarding damages, Smitherman stated, "Plaintiff has suffered damages as a result of the breach by Defendant of the Deed of Trust." That is the only reference in support of his claim for damages for breach of contract. Smitherman refers to "Exhibit D" in support of this conclusory statement, but there is no Exhibit D contained in our record. Thus, Smitherman failed to come forward with evidence of damages in response to BANA's no-evidence motion. *See* Tex. R. Civ. P. 166a(i) ("[T]he court must grant the motion [for summary judgment] unless the respondent produces summary judgment evidence raising a genuine issue of material fact.").

On appeal, however, Smitherman asserts that his answer to BANA's first interrogatory provides evidence of his damages. But "a party cannot rely on its own answer to an interrogatory as summary judgment evidence." *Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000) (per curiam). Further, BANA emphasizes that the property was not sold at foreclosure and Smitherman continues to live there, even though he has not made a mortgage payment since April 2011 or paid property taxes since 2010. Smitherman acknowledges that he has not paid the mortgage on the property since April 2011. He asserts, however, that he has been unable to sell the property because his attempts to sell the property "became impossible once [he] had to file this litigation to in fact protect this same home." Smitherman fails to explain how his inability to sell a property in which he has

---

[3] Smitherman contends that summary judgment on his fraud claim was also improper. Smitherman did not include a claim for fraud in his live pleading, but BANA addressed fraud in its summary judgment motion. Smitherman has not asserted that fraud was tried by consent. *See* Tex. R. Civ. P. 67. Nonetheless, even if we were to consider this claim as tried by consent, lack of damages or injury would vitiate any claim of fraud. *See, e.g.*, *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) (listing elements of fraud claim and equating injury with damages).

been living without having paid his mortgage or property taxes for several years constitutes evidence of damages. To the extent that Smitherman is alleging damages in the form of lost profits, he has failed to provide adequate evidence of such damages.[4] *See, e.g., Tex. Instruments, Inc. v. Teletron Energy Mgmt., Inc.,* 877 S.W.2d 276, 278–79 (Tex. 1994) (explaining requisites for proof of damages of lost profits, including that they must be proven with "reasonable certainty").

In short, Smitherman has not provided any competent summary judgment evidence of damages. Thus, the trial court did not err in granting BANA's no-evidence summary judgment motion on Smitherman's claims.[5] Accordingly, we overrule Smitherman's issues.

---

[4] Smitherman averred in his affidavit that he had been attempting to sell his property when BANA initiated foreclosure proceedings against him. However, in his response to the no-evidence portion of BANA's summary judgment motion, he did not refer to this evidence. But, he did refer to his affidavit in response to BANA's assertion that he had no evidence of injury relative to his "fraud claim." Thus, in an abundance of caution, we address this evidence on appeal.

[5] On appeal, Smitherman asserts that he is entitled to injunctive relief as follows:

> [BANA]'s entire argument as to why [Smitherman] was not entitled to injunctive relief is premised on its claim that [Smitherman] will not prevail on his breach of contract claim. The summary judgment evidence, however, showed that [Smitherman] will likely prevail on a breach of contract claim.

Such a conclusory argument, with no citations to authority or the record, constitutes briefing waiver. *See Fox v. Alberto,* No. 14-13-00007-CV, —S.W.3d—, 2014 WL 6998094, at *6 (Tex. App.—Houston [14th Dist.] Dec. 11, 2014, no pet. h.); Tex. R. App. P. 38.1(i).

### CONCLUSION

We have overruled Smitherman's appellate issues and affirm the trial court's judgment.

/s/    Sharon McCally
        Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally.