

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00083-CV

BETTIE HANKINS, Appellant

V.

TIMEPAYMENT CORP., Appellee

On Appeal from the County Court at Law No. 1
Bell County, Texas
Trial Court No. 85504

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Unfortunately for Bettie Hankins, who was and is acting pro se in this matter, when TimePayment Corporation sued Hankins alleging an amount owed on an equipment lease Hankins had personally guaranteed, she filed only a general denial and failed to file either a response to TimePayment's motion for summary judgment or any summary-judgment evidence to contradict TimePayment's proof. The trial court in Bell County,[1] Texas, set the matter for summary-judgment hearing, after which it granted TimePayment a summary judgment against Hankins. Hankins' sole issue, which she asserts for the first time on appeal, claims only that the lease contract that had been made the subject of the suit was fraudulently proven in the trial court. Because, however, there is no summary-judgment evidence in this record that contradicts TimePayment's summary-judgment evidence of the elements of its cause of action against Hankins, and Hankins has supplied no cognizable evidence of fraud in the trial court, we affirm the trial court's judgment.

The trial court granted judgment against Hankins based on TimePayment's motion for summary judgment, on its accompanying affidavits supporting that motion, and on the absence of any summary-judgment response or countervailing summary-judgment proof filed by, or on behalf of, Hankins.

---

[1]Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

We review a summary judgment de novo. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam). To be entitled to summary judgment under Rule 166a(c) of the Texas Rules of Civil Procedure, a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Any and all evidence must be taken as favorable to the nonmovant, and any doubts resolved against the movant. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). All evidence is to be considered in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable fact-finders could, and disregarding evidence contrary to the nonmovant unless reasonable fact-finders could not. *Mann Frankfort*, 289 S.W.3d at 848; *see Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

Because summary judgments "must stand or fall on their own merits," *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993), there is no requirement that a party respond to a traditional motion for summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687 (Tex. 2002). The appellant's grounds for reversing summary judgment must, however, have been presented in the trial court. *McConnell*, 858 S.W.2d 343. "The effect of such a failure is that the non-movant is limited on appeal to arguing the legal sufficiency of the grounds presented by the movant." *Id.*

Here, Hankins claims only that the lease contract that had been made the subject of the suit was fraudulently proven in the trial court. This ground for reversing summary judgment was not

3

presented in the trial court. *See id*. Further, Hankins does not contend on appeal that the summary-judgment grounds presented by TimePayment are insufficient as a matter of law to support the judgment. Since Hankins was limited on appeal to arguing that the summary-judgment evidence was insufficient as a matter of law—and she failed to do so—her sole point of error is unpreserved. *Id*.

We affirm the trial court's judgment.

<div style="margin-left:40%">

Josh R. Morriss, III
Chief Justice
</div>

Date Submitted:    April 4, 2019
Date Decided:     April 11, 2019