# Supreme Court of Texas

No. 21-0643

Virendra Patel, Premier West Hospitality Corp., Zeal Hotels Group LLC, The Colony Hospitality Corp., and Huntley Construction, LLC,

*Petitioners*,

v.

Nations Renovations, LLC,

*Respondent*

On Petition for Review from the
Court of Appeals for the Second District of Texas

## PER CURIAM

Justice Lehrmann did not participate in this decision.

Final judgments necessarily resolve all claims for all parties to a case. Multiple jurisdictional consequences follow from whether a judgment is final. For one thing, a final judgment starts the clock for when a trial court loses its plenary power—its jurisdiction to revise its judgment or, with some exceptions, *see, e.g.*, TEX. R. APP. P. 24.3, to take

any other actions in the case. This mandamus proceeding[1] concerns whether a judgment that described itself as final really was final. We hold that it was. Therefore, the district court's plenary power had long expired before it undertook to revise its final judgment, and the order modifying the judgment was void. We conditionally grant mandamus relief directing the district court to withdraw that order.

This case arises from a construction-project dispute involving a hotel, but the underlying facts are largely immaterial. All that matters for present purposes is that the parties agreed to and did resolve their complicated dispute via arbitration. Specifically, the Colony Hospitality Corporation (CHC), one of the relators in this Court, is a property-holding company that had a construction project on a hotel. CHC hired Huntley Construction—another relator—as a general contractor, and Huntley hired real party in interest Nations Renovations, LLC as a subcontractor. A dispute arose between Nations, CHC, and Huntley regarding the extent and quality of the work that was performed.

Nations filed two lawsuits—one in Dallas County and the other in Denton County. Rather than litigate in multiple forums, Nations, Huntley, and CHC broadly submitted "all claims, controversies, and demands by and between them arising out of and related to the disputes set forth in the Litigation to binding arbitration." The parties agreed that the "Award rendered by the Arbitrator is final and binding and shall be subject to entry of judgment by a court having jurisdiction to

---

[1] Relators filed a petition for review that requested mandamus relief as an alternative. We refer to "petitioners" as relators and to the "respondent" as the real party in interest.

enter judgment." The Denton County lawsuit became the vehicle for that judgment; the Dallas County lawsuit was non-suited.

The arbitrator issued a final arbitration award in January 2019, describing it as a "full and final settlement of all claims submitted to this arbitration." Nations was awarded $85,000 against Huntley, and CHC was awarded $10,000 in attorney's fees. As a result, Nations sought $75,000 from Huntley.

On February 22, 2019, before the district court entered its judgment confirming the award, Nations added Virendra Patel and Zeal Hotels Group as additional defendants. Nations alleged that Zeal, CHC, and Patel were alter egos of Huntley and asserted vicarious-liability claims against the parties for fraudulent transfer and sham to perpetrate a fraud, based on transactions Nations discovered after the close of evidence.

On April 5, 2019, at Nations' request, the district court entered its judgment confirming the arbitration award. The judgment stated:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Award is hereby confirmed, and Nations, Huntley, and CHC are therefore bound by the terms therein[,] . . . that Nations have all writs and processes to aid in execution of this judgment[,] . . . that all relief not granted herein is denied[,] . . . [and] that this is a final judgment and appealable.

This language was drafted by Nations, which moved for entry of judgment.[2] To minimize confusion, we refer to this judgment as the "Judgment."

---

[2] Twelve days later, on April 17, 2019, Nations added Premier West Hospitality Corporation as yet another defendant. Nations further added a

Approximately a year and a half later, on October 22, 2020, Nations moved the district court to modify the Judgment to clarify that it was not truly a "final judgment" but was merely interlocutory. Nations asserted that the Judgment's language relating to finality referred only to the judgment against Huntley. On January 21, 2021, unsure of whether the Judgment was, in fact, final, the district court hesitantly granted Nations' motion and modified the Judgment to reflect that it was interlocutory. Because of its doubt that it had jurisdiction to act, the district court sua sponte certified the question for interlocutory appeal. Both parties agreed that the court of appeals should address this jurisdictional question, but the court of appeals refused to do so. 2021 WL 2461798, at *1 (Tex. App.—Fort Worth June 17, 2021).

We therefore proceed to our analysis of whether the Judgment is final. By definition, a final judgment must dispose of all parties and all claims in the underlying case. The parties dispute the applicability of "[t]he presumption that a judgment rendered after a conventional trial on the merits is final and appealable." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 199 (Tex. 2001). The judgment here was not one on technical grounds, like a plea to the jurisdiction, a default, a summary judgment, or the like. *See id*. at 199-200. It was an arbitration on the merits with proceedings that substituted for those a court would have held but for the arbitration agreement. This Court, however, has not previously addressed whether such an arbitration proceeding in a

---

conspiracy claim regarding the alleged fraudulent transfers—stating that Zeal, CHC, Premier, and Patel were jointly and severally liable for the amount set forth in the arbitration award against Huntley.

4

context like this one would implicate the presumption of finality. We need not resolve that question today, either, because regardless of how we might answer it, finality can be and is established in other ways.[3] Solely for argument's sake, therefore, we assume that this Judgment did not follow a comprehensive arbitration equivalent to a conventional trial on the merits.

Specifically, courts will deem a judgment without a trial to be final "(1) [when the judgment] actually disposes of every pending claim and party or (2) [when] it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so." *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (citing *Lehmann*, 39 S.W.3d at 205). If the judgment clearly and unequivocally states that it finally disposes of all claims and parties, the assessment is resolved in favor of finding finality, and the reviewing court cannot review the record. *In re Elizondo*, 544 S.W.3d 824, 827 (Tex. 2018).[4] Therefore, we begin by determining whether the Judgment is clearly and unequivocally final on its face.

---

[3] Relators argue that the parties agreed to a final and binding arbitration of "all claims, controversies, and demands by and between them arising out of and related to the disputes set forth in the Litigation," so the district court's confirmation of that *final* arbitration award satisfies the *Lehmann* presumption. Nations argues that the secondary claims—those that were added after the conclusion of the arbitration—prevent a presumption of finality from applying in this case because, it contends, the Judgment did not and could not address those claims. We need not resolve any of the embedded questions presented by this aspect of the parties' dispute given our resolution on other grounds.

[4] "[R]eviewing courts . . . look at the record only if the order [i]s not clear and unequivocal." *Elizondo*, 544 S.W.3d at 827 (internal quotation marks omitted).

This Court's jurisprudence contains many examples of statements that, standing alone, cannot satisfy the clear-and-unequivocal standard. On its own, merely stating that the order is "final" is not enough. *Lehmann*, 39 S.W.3d at 203-05. Stating that the order is "appealable" is also not enough when standing alone. *Id.* Including a Mother Hubbard clause that "all relief not granted is denied" is not enough by itself. *Id.* at 203-04. To determine what *are* sufficient indicia of finality, the Court opined that "there must be some other clear indication that the trial court intended the order to completely dispose of the entire case." *Id.* at 205. The question then becomes how this "clear indication" standard can be satisfied.

As we have made clear, no magic language is required. *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020). Instead, "a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable." *Id.* (citing *In re R.R.K.*, 590 S.W.3d 535, 543 (Tex. 2019)). This standard provides an outline of several statements that, while insufficient when standing alone, together form a clear indication of finality. The Judgment in this case provides a similar combination of statements.

Several statements listed in the Judgment constitute indicia of finality. And while we agree that each statement alone would not necessarily be enough, together they must be. Without a doubt, the Judgment lists two of the three finality statements referenced above: that the judgment is "final" and that the judgment is "appealable." The Judgment does not explicitly include the third statement—that all

6

claims and parties are disposed of—but provides two additional statements that compensate for any lack of that precise formulation: "that Nations have all writs and processes to aid in execution of this judgment" and "that all relief not granted herein is denied." Together, these statements provide the basis for determining that the Judgment did effectively convey that all claims and parties are disposed of. To hold otherwise would require the very magic words that we disclaim in undertaking an analysis of finality. These four statements clearly and unequivocally express that the Judgment was final.

Further, nothing supports the claim that the single Judgment could have been "final" as to some parties and interlocutory as to others. A judgment cannot be "partially final" or "sometimes final and sometimes not." Chaos would follow from such a rule, in which a supposed final judgment in a single case turns out, years later, to have been interlocutory all along. That would be the consequence if the judgment was final as to *some* parties or *some* claims. The judgment is either final or it is not.

We emphasize that we do not charge Nations with making improper arguments or with any subjective intent to violate the integrity of the judicial process. Quite the contrary. We hold only that the Judgment rendered was clearly and unequivocally final. Whether it was error to render a final judgment is of no consequence because Nations did not appeal the Judgment within the statutory timeframe. Given that Nations prepared the Judgment, this is unsurprising—but also makes it less justifiable to depart from our normal rules even if we

were so inclined.[5] "If the order contains a 'clear and unequivocal' finality phrase disposing of the entire case, the order is final, and the failure to actually dispose of all claims and parties renders the order erroneous but not interlocutory." *Jones*, 629 S.W.3d at 924.

As we have stated before, "[a] party who is uncertain whether a judgment is final must err on the side of appealing or risk losing the right to appeal." *Lehmann*, 39 S.W.3d at 196. Nations' delayed motion for modification of the Judgment "request[ed] that the Court . . . clarify and confirm that it is an interlocutory judgment and d[id] not dispose of the entire case." But the time to request clarity had long passed. "Even if [Nations] disagreed that the order was final, [it] should have treated it as though it was." *Elizondo*, 544 S.W.3d at 827.

Accordingly, without hearing oral argument, TEX. R. APP. P. 52.8(c), we treat the petition for review as a petition for writ of mandamus, *see CMH Homes v. Perez*, 340 S.W.3d 444, 453-54 (Tex. 2011), and conditionally grant the petition. The order granting the motion to modify the Judgment is void, and we direct the district court

---

[5] Relators also assert that we could reach the same bottom line by holding that, whether the Judgment was in fact final or not, Nations is judicially estopped from contesting its finality. This argument relies on a multitude of representations that Nations has made throughout the course of these proceedings in which it received relief (like a post-judgment writ of garnishment without bond) that was available only based on its assurance that the Judgment was in fact final. The doctrine of "[j]udicial estoppel precludes a party who successfully maintains a position in one proceeding from afterwards adopting a clearly inconsistent position in another proceeding to obtain an unfair advantage." *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 643 (Tex. 2009). Because we hold that the Judgment *was* final, we need not assess the applicability of judicial estoppel (or any other doctrine) that would lead to the same effective outcome.

to withdraw it. The writ will issue only if the district court does not comply.

**OPINION DELIVERED:** February 10, 2023